UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANTONIO D. HENLEY,**

    Plaintiff,

  -vs-                                        Case No. 11-C-89

**DR. JAMES RICHTER, JEANNE ZWIERS, and
NURSE KATHY LEMENS,**

    Defendants.

## DECISION AND ORDER

This prisoner lawsuit alleges claims under the Eighth Amendment and also under Wisconsin state law for medical malpractice. On March 26, 2013, the Court granted the remaining defendants' motions for summary judgment with respect to the federal claims, but the state law claims survived because they were not addressed by the moving parties. At a status conference, the Court asked the parties to explain why the state law claims should not be dismissed without prejudice given the dismissal of the federal claims. 28 U.S.C. § 1367(c)(3). The defendants did not object to dismissal, but the Court held the matter open so the plaintiff could further address the issue.

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The presumption, while rebuttable, "should not be lightly abandoned, as it

is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996). "[R]espect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989).

The Seventh Circuit has identified certain circumstances that can overcome the presumption, including when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court, when substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort, and when it is absolutely clear how the pendent claims can be decided. *Sharp Elecs. Corp. v. Metro Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009). Henley argues that it would be more efficient to keep the case here because it would avoid the possibility of multiple appeals. This is an insufficient reason to retain jurisdiction; the risk of multiple appeals is present in every case when supplemental state law claims are dismissed before trial. With respect to judicial economy, the Court must be satisfied that there would be a "substantial duplication of effort" because of the prior commission of "substantial judicial resources." The Court spent time learning the factual background of this case, both at the pleading stage and at summary judgment, and the facts which underlie Henley's Eighth Amendment and medical malpractice are essentially the same. But the legal standards are obviously different, and it's not as if the Court spent an extensive amount
- 2 -

of time analyzing the state law claims only to deny summary judgment because there was a genuine issue of material fact. Accordingly, there would not be a substantial duplication of effort if the state law claims were dismissed and then re-filed in state court.

With respect to the other two factors, the defendants have not raised any statute of limitations issues. The Court presumes that this matter was timely filed, and the statute of limitations was tolled during the pendency of this action. § 1367(d). It is also not obvious how the state law claims should be decided on the merits. Were it so, the defendants likely would have moved for summary judgment on those claims. Accordingly, the Court is left with state law claims that require resolution by a finder of fact. This matter should proceed in state court.

**IT IS HEREBY ORDERED THAT** Henley's supplemental state law claims are **DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2013.

                                        **BY THE COURT:**

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**